# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| RONNIE ALEXANDER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| SOUTHERN HEALTH PARTNERS, INC.; PHILIP R. TAFT, PSY.D & ASSOCIATES PLLC; JACOB PARRAS AND TORI TAYLOR | § § § § § | CIVIL ACTION NO. 3:22-CV-395 |
| | § | |
| *Defendants.* | § | |

## DEFENDANT PHILIP R. TAFT, PSY.D. & ASSOCIATES, PLLC'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT <u>PURSUANT TO RULE 12(b)(6)</u>

Courtney Boes Huber
State Bar No. 24087181
huber@thetexasfirm.com (email)
Kimberly Land Cormier
State Bar No. 00787872
kcormier@thetexasfirm.com (email)

Beard Kultgen Brophy Bostwick & Dickson, PLLC
15150 Preston Road, Suite 230
Dallas, Texas 75248
Telephone: (214) 761-6460
Facsimile: (214) 761-6469

ATTORNEYS FOR DEFENDANT
PHILIP R. TAFT, PSY.D. & ASSOCIATES, PLLC

## **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ...................................................................................................ii-iii

SUMMARY OF ARGUMENT ...................................................................................................1

RELEVANT PROCEDURAL AND FACTUAL BACKGROUND....................................... 1-2

STANDARD FOR DISMISSAL ............................................................................................. 2-3

ARGUMENT AND AUTHORITIES ...........................................................................................3

    I.    Taft is a Private Actor and Section 1983 Does Not Apply .......................... 3-4

        A.  Failure to Plead Conspiracy ................................................................... 4-6

    II.    Plaintiff has Failed to State a Claim for Medical Negligence ..................... 6-7

    III.    Plaintiff's Claims Fail as a Matter of Law .........................................................7

        A.  Taft Cannot be Held Liable under Section 1983 in its Supervisory Capacity ........................................................................................................................ 7-8

        B.  The Complaint is Insufficient as to the Governmental Policy of Custom, and any Injury Causally Related to that Policy ................................................. 8-9

    IV.    Alternatively, Plaintiff should be Required to Replead with Particularity his Claims Against Defendant Taft ............................................................9

PRAYER FOR RELIEF .................................................................................................................9

## **TABLE OF AUTHORITIES**

**Cases**                                                      **Page(s)**

*Ashcroft v. Iqbal,*
    129 S. Ct. 1937, 1950 (2009) ............................................................................................ 2-3

*Bass v. Parkwood Hosp.,*
    180 F.3d 234, 244 (5th Cir. 1999) ..................................................................................... 7-8

*Baughman v. Garcia,*
    254 F.Supp.3d 848 (S.D.Tex. 2017) .................................................................................. 7-8

*Bell Atl Corp. v. Twombly,*
    550 U.S. 544, 570 (2007) ...................................................................................................... 3

*Brown v. Crowe,*
    Civ. Action No. 7:17-CV-00096-M-BP, 2018 WL 4922448, *6 (N.D.Tex. 2018) ............. 7, 8

*Brown v. Simmons,*
    478 F.3d 922, 923 (8th Cir. 2007) ......................................................................................... 3

*Dura Pharms., Inc. v. Broudo,*
    544 U.S. 336 (U.S. 2005) ..................................................................................................... 3

*Duzich v. Advantage Fiance Corp.*
    395 F.3d 527, 530 (5th Cir. 2004) ........................................................................................ 5

*Flores v. Center for Spinal Evaluation and Rehabilitation*
    865 S.W.2d 261, 264 (Tex. App.—Amarillo 1993, no writ) ................................................ 6

*Gordon v. Neugebauer,*
    57 F.Supp.3d 766, 773-74, 775-76, 776 (N.D.Tex. 2014) ............................................ 3-5, 8

*In Re Norplant Contraceptive Products Liability Litigation*
    898 F. Supp. 426, 428 (E.D. Tex. 1995) ............................................................................... 6

*Little Rock Cardiology Clinic, PA v. Baptists Health,*
    591 F.3d 591, 596 (8th Cir. 2009) ........................................................................................ 3

*Local 38N Graphic Communs. Conference/IBT v. St. Louis Post-Dispatch, LLC*
    638 F.3d 824 (8th Cir. 2011) ................................................................................................ 3

*Piotrowski v. City of Houston,*
    237 F.3d 567, 579-80 (5th Cir. 2001) ................................................................................... 8

*Porter v. Epps,*
    659 F.3d 440, 446 (5th Cir. 2011) ..................................................................................... 7-8

*Stalley v. Catholic Health Initiatives,*
    509 F.3d 517, 521 (8th Cir. 2007) ................................................................................ 3

*United Mine Worker of Am. v. Gibbs,*
    383 U.S. 715, 726, 86 S.Ct. 1130 (1966) ....................................................................... 7

## Rules and Statutes

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 2, 3
Fed. R. Civ. P. 8(a) ..................................................................................................... 2, 3
42 U.S.C. § 1983 ......................................................................................................... 3, 7
Fed. R. Civ. P. 12(e) ....................................................................................................... 9
TEX. CIV. PRAC. & REM. CODE, CHAPTER 74 ............................................................ 6-7

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Defendant Philip R. Taft, Psy. D. & Associates PLLC ("Taft"), and files this Motion to Dismiss Plaintiff's Original Complaint for failure to state a claim under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), and respectfully shows the Court as follows:

### SUMMARY OF ARGUMENT

Defendant Taft moves to dismiss Plaintiff's Complaint on the basis that Plaintiff cannot maintain a Section 1983 action against Defendant Taft, a private health care entity and non-governmental actor. Because Plaintiff has failed to state a claim against Defendant Taft, then his Complaint should be dismissed. This Court does not maintain original jurisdiction over state law medical negligence/health care liability claims, and Plaintiff has failed to even state a medical negligence claim against this Defendant.

Alternatively, even if Defendant Taft acted under color of title through a theory of conspiracy with a state actor, which Defendant Taft denies, Defendant Taft cannot be held liable for conduct of a licensed professional counselor of which Defendant Taft was not involved.

Because Plaintiff has not stated a claim for which relief can be granted against Defendant Taft, dismissal is proper pursuant to Fed. R. Civ. P. 12(b)(6).

### FACTUAL BACKGROUND

In his Complaint [Doc.1], Plaintiff asserts the following causes of action against Defendant Taft : (1) Violation of Inmate's Rights Under 42 U.S.C. § 1983; (2) Conspiracy; (3) Bystander Liability; and (4) Negligence/Medical Malpractice. Incorporating by reference the allegations in "Plaintiff's Original Complaint," Plaintiff seeks to hold Defendant Taft responsible for the alleged acts and omissions of Jessica Phlips, a licensed professional counselor, who worked for Taft as an

independent contractor providing mental health services to inmates at the Henderson County Jail. Plaintiff claims Defendant Taft is vicariously liable for the alleged injuries Mr. Alexander sustained while he was incarcerated at Henderson County Jail, yet Plaintiff offers no legally valid explanation for why Defendant Taft is responsible. Plaintiff alleges that Defendant Taft and SHP "conspired" with two jail officers to violate Plaintiff's constitutional rights and failed to provide him sufficient medical and mental health care. [Doc.1].

Defendant Taft moves to dismiss Plaintiff's Complaint on the basis that Plaintiff cannot maintain a cause of action under Section 1983 against Defendant Taft, a non-governmental actor, and this Court does not maintain original jurisdiction over the remaining state law medical negligence claims, if any exists. Moreover, in the event Defendant Taft is somehow liable for acting under the color of state law by "conspiring" with state actors, which Defendant Taft did not, Plaintiff still failed to plead sufficient allegations to establish a Section 1983 claim or any claim against Defendant Taft.

Plaintiff fails to recite the elements of the causes of action he asserts as to Taft or support his claims with sufficient facts. Pursuant to the pleading standard of Rule 12(b)(6), Plaintiff has failed to state a claim upon which relief can be granted. Moreover, the conduct of Defendant Taft that Plaintiff alleges is not a basis for relief that is contemplated by the Chapter 74 of the Texas Civil Practice and Remedies Code. All of Plaintiff's claims against Defendant Taft should be dismissed for failure to state a claim upon which relief can be granted.

## STANDARD FOR DISMISSAL

**Rule 8 and Rule 12(b)(6) Applicable Legal Standards**

FEDERAL RULE OF CIVIL PROCEDURE Rule 8(a)(2) requires that a pleading state a claim showing that the pleader is entitled to relief. Failure to do so is grounds for dismissal. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("only a

complaint that states a plausible claim for relief survives a motion to dismiss"). To satisfy the pleadings requirement, a complaint "must supply facts sufficient to state a claim that is plausible on its face." *Local 38N Graphic Communs. Conference/IBT v. St. Louis Post-Dispatch, LLC*, 638 F.3d 824 (8th Cir. 2011) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Little Rock Cardiology Clinic PA v. Baptist Health*, 591 F.3d 591, 596 (8th Cir. 2009) ("This standard requires us to determine whether the complaint 'assert[s] facts that affirmatively and plausibly suggest that the pleader has the right he claims . . . rather than facts that are merely consistent with such a right.'") (citing *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Where well-pled facts fail to allege one or more elements of a cause of action, dismissal is proper. *Brown v. Simmons*, 478 F.3d 922, 923 (8th Cir. 2007) ("To state a claim upon which relief can be granted, each element of the claim must be pled in the complaint."); *see also, Dura Pharms., Inc. v. Broudo,* 544 U.S. 336 (U.S. 2005) (finding a complaint "legally insufficient" where it failed to allege the element of "loss-causation"). Therefore, where the facts alleged negate any element of the cause of action, the plaintiff has failed to comply with Rule 8(a)(2) and dismissal is required under Rule 12(b)(6). *Id.*

## ARGUMENTS AND AUTHORITIES

### I.
### Taft is a private actor and Section 1983 does not apply.

Plaintiff has failed to allege a civil rights claim against Defendant Taft. Plaintiff has not alleged under what "color of any statute, ordinance, regulation, custom or usage" that Defendant Taft, a private health care entity, was acting, which is an essential component to bring a claim under the statute. *See* 42 U.S.C. § 1983.

As a general rule, a private entity is not considered a state actor for Section 1983 purposes.

3

*Gordon v. Neugebauer*, 57 F. Supp. 3d. 766, 773 (N.D.Tex. 2014). A private actor can only be considered a state actor for imposing Section 1983 liability in the following rare circumstances: (1) the plaintiff can show the private actor was implementing an official government policy, or (2) by showing that the private entity's actions are fairly attributable to the government. *Id.* at 773-74. Here, Plaintiff cannot show that Jessica Phlips, LPC, an independent contractor counselor for Defendant Taft and the only connection between Defendant Taft and Plaintiff, was implementing an official government policy. Thus, Plaintiff cannot impose liability under the first test.

Under the second exception, known as the "attribution test," there are two-prongs to evaluate whether the private actor's actions are attributable to the government. *Id.* at 774. Under the second prong of the attribution test, the Supreme Court uses three different tests to determine whether the conduct of a private actor can be fairly attributable to a state actor: (1) the nexus or joint-action test, (2) the public function test, and (3) the state coercion or encouragement. *1.* *Id.* Plaintiff's Complaint attempts to establish the coercion test while disregarding entirely the nexus/joint-action and public function tests.

**A.     Failure to Plead Conspiracy**

Under the state coercion test, a state can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the state. *Id*. at 775-76. This can be found where a plaintiff establishes that private defendants engaged in a conspiracy with state officials to commit an illegal act, including the pleading of "specific acts to show an agreement."

---

1 Under the nexus test, a private party will be considered a state actor "where the government has 'so far insinuated itself into a position of interdependence with the [private actor] that it was a joint participant in the enterprise,'" and the actions of the private party can be treated as that of the state itself. *Id.* citing *Bass,* 180 F.3d at 242. Under the public functions test, a private entity can be deemed a state actor when the entity performs a function that is traditionally the exclusive province of the state. *Id.* at 775. Suffice to say that Plaintiff's Complaint does not contain any facts that would establish either the nexus test or the public functions test.

4

*Id*. at 776. Plaintiff makes a feeble attempt to establish the coercion test by seeking to hold Defendant Taft responsible though a theory of conspiracy with the jailers, Defendants Parras and Taylor. However, Plaintiff has not pled with any degree of specificity facts that would support the existence of a conspiracy between Defendant Taft and any state official, much less Defendants Parras and Taylor. [Doc.1 p. 17].

Additionally, Plaintiff has failed to even allege the elements of conspiracy, which requires: (1) two or more persons; (2) an objective to be accomplished; (3) a meeting of the minds on the objective; (4) one or more unlawful, overt acts; and (5) proximate damages. *Duzich v. Advantage Finance Corp.*, 395 F.3d 527, 530 (5th Cir. 2004) (applying Texas law). Nowhere in his Complaint does Plaintiff allege how Defendant Taft was allegedly involved in the alleged conspiracy or the common objective to be accomplished. Plaintiff does allege "duties" that Defendants Parras and Taylor allegedly convinced Ms. Phlips to avoid. However, Plaintiff does not specifically allege what unlawful or overt acts were taken by Ms. Phlips as a result of the alleged conspiracy with Defendants Parras and Taylor. Moreover, Plaintiff does not allege with any degree of specificity that Defendant Taft possessed any knowledge of or participated in this "conspiracy," much less how Defendant Taft's involvement in the alleged conspiracy proximately caused his damages.

Instead, Plaintiff alleges that Ms. Phlips participated in a "cover-up" by falsifying medical records but fails to connect this bare allegation to Plaintiff's alleged damages.

Even when taking Plaintiff's allegations as true for purposes of this motion, it is clear that Plaintiff is unable to establish any of the rare exceptions to the general rule that a private entity is not a state actor under Section 19083. Because Plaintiff's Complaint fails to assert or establish each of the essential elements to sustain claims against Defendant Taft, Defendant Taft should be

5

dismissed for Plaintiff's failure to state a claim upon which relief under Section 1983 can be granted.

## II.
## Plaintiff has failed to state a claim for medical negligence.

Plaintiff fails to state a claim for medical negligence against Defendant Taft. Plaintiff fails to recite the elements of a Texas state health care liability claim. Under Texas law, to maintain a suit against a health care provider, a plaintiff must allege four elements: (1) a legally cognizable duty; (2) a breach of that duty; (3) actual injury; and (4) a reasonably close causal connection between the breach and the alleged harm. *In Re Norplant Contraceptive Products Liability Litigation,* 898 F. Supp. 426, 428 (E.D. Tex. 1995) citing *Flores v. Center for Spinal Evaluation and Rehabilitation,* 865 S.W.2d 261, 264 (Tex. App.—Amarillo 1993, no writ).

Plaintiff does not sufficiently or specifically allege what duty Taft owed Plaintiff. To the extent that Plaintiff claims that Taft owed a duty to somehow change the conditions of his confinement and move him out of solitary confinement, Plaintiff has neither cited to any cause of action that creates such a duty, nor plead any facts or law to explain how Defendant Taft possessed any such authority. Plaintiff does not sufficiently allege (1) what the standard of care required of Defendant Taft, (2) any breach of the standard of care by Defendant Taft, or (3) how any act or omission of Defendant Taft proximately caused Plaintiff's damages. It appears that Plaintiff simply disagrees with Ms. Phlips' evaluation and plan for him and then attempts to dress it up as a violation of his constitutional rights when it is, at best, a state law health care liability claim.

Plaintiff has not sufficiently pled that Defendant Taft, through Ms. Phlips, breached any standard of care for a mental health care provider providing mental health care services in a correctional facility that proximately caused an injury to Plaintiff. Moreover, Plaintiff has not

alleged any conduct that would arise to the level of "intentional indifference" as required by Section 1983.

Even if Plaintiff's state law health care liability claim remains, the Court should dismiss it without prejudice. When only state law claims remain, the Supreme Court has recommended that a "needless decision of state law should be avoided both as a matter of comity and to promote justice between the parties by procuring for them a sure-footed reading of applicable law." *United Mine Workers of Am. V. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130 (1966).

The gravamen of Plaintiff's complaint against Defendant Taft is, at best, a state law medical malpractice claim, which is governed by Chapter 74 of the Texas Civil Practice & Remedies Code. Therefore, if Plaintiff's state law claims are the only claims that remain, the Court should dismiss Defendant Taft.

## III.
## Plaintiff's claims fail as a matter of law.

**A.   Taft cannot be held liable under Section 1983 in its supervisory capacity.**

Similar to Defendant SHP, Defendant Taft is a private health care entity that contracts with independent licensed professional counselors to provide mental health care services at Henderson County Jail. **Defendant Taft cannot be held liable in its supervisory role of the LPCs**. Defendant Taft adopts as if fully incorporated herein SHP's argument as to why a private entity cannot be held liable in its supervisory capacity. [Doc. 15, p. 8]. "Under 42 U.S.C. § 1983, a county cannot be held liable on a theory of *respondeat superior* merely because it employs a tortfeasor." *Bass*, 180 F.3d at 244; *see Brown v. Crowe*, Civ. Action No. 7:17-CV-00096-M-BP, 2018 WL 4922448, *6 (N.D.Tex. 2018) (dismissing a jail's contracted health care provider and its nursing employees because the private company "may not be held liable under § 1983 for supervisory liability."). Rather, a plaintiff must show either personal, affirmative participation in

7

the acts of constitutional deprivation, or that the defendant implemented constitutional policies that causally result in the constitutional injury. *Baughman v. Garcia*, 254 F.Supp.3d 848, 870-71 (S.D.Tex. 2017), *citing Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).

Here, even taking Plaintiff's allegations that Defendant Taft employed Ms. Phlips, Defendant Taft cannot be held liable in a supervisory role. Instead, Plaintiff must show that Defendant Taft had personal or affirmative partcipation in the actions that Plaintiff alleges constitutes a violation of his constitutional rights. Plaintiff has not alleged any policy or procedure implemented by Defendant Taft that causally resulted in a constitutional injury. Therefore, Plaintiff's claims should be dismissed.

**B.** **The Complaint is insufficient as to the governmental policy or custom and any injury causally related to that policy.**

Defendant Taft also adopts SHP's argument as if fully incorporated herein that Plaintiff has not sufficiently pled what governmental policy or custom was set forth by Defendant Taft and the injury he claims is causually related to that policy. [Doc. 15, p.8-9]. Thus, his Complaint is insufficient and should be dismissed.

A person that is not an official policy maker cannot be bound under Section 1983, even if their conduct was tortious. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 244 (5th Cir. 1999); see *Gordon v. Neugebauer*, 57 F.Supp.3d 766, 773-74 (N.D.Tex. 2014) (plaintiff must show the private actor was implementing an official government policy).

Plaintiff has failed to allege that either Defendant Taft and/or Ms. Phlips were official policy makers. Plaintiff also failed to sufficiently identify what well-settled and common custom or policy was a constitutional violation of his rights. *See Piotrowski v. City of Houston*, 237 F.3d 567, 579-80 (5th Cir. 2001) ("each and any policy which caused constitutional violations must be specifically identified" by a plaintiff); *see Brown* at *6 (the plaintiff both failed to allege a health

8

care company affirmatively participated in any deliberate indifference, and to allege the unconstitutional policy the company implemented or followed the resulted in the injury). Plaintiff's pleadings wholly fail to identify an alleged policy or custom, or Defendant Taft's purported involvement in implementing the policy.

## IV.
## Alternatively, Plaintiff should be required replead with particularity his claims against Defendant Taft.

In the unlikely event that the Court believes that it can retain jurisdiction over the state law claims and that Plaintiff has satisfied the requirements of Rule 12(b)(6), Defendant Taft respectfully requests that the Court order Plaintiff to provide a more definite statement of his claims pursuant to Rule 12(e) for the same reasons as set forth above, and because Plaintiff's claims are so vague and ambiguous that Defendant Taft cannot reasonably prepare a response or identify what allegations are specific to Defendant Taft.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant Philip Taft, Psy. D., & Associates, PLLC respectfully request, pursuant to Federal Rules of Civil Procedure 12(b)(6), that this Court: (1) grant its Motion to Dismiss; (2) dismiss all of Plaintiff's claims with prejudice; (3) specifically dismiss all claims asserted against Defendant Philip Taft, Psy. D., & Associates, PLLC; (4) enter judgment in favor of Defendant Philip Taft, Psy. D., & Associates, PLLC and against Plaintiff; (5) award costs against Plaintiff; and (7) grant such other and further relief to which Defendant is justly entitled. In the alternative, should the Court maintain this action as to any party or any claims, Defendant requests a more definite statement. Defendant further reserves the right to submit future dispositive motions on the merits and/or contesting any other fatal deficiency to Plaintiff's claims in this matter.

Dated: April 4, 2022

                              Respectfully submitted,

                              By:   /s/ *Courtney Boes Huber*
                                 Courtney Boes Huber
                                 State Bar No. 24087181
                                 huber@thetexasfirm.com (email)
                                 Kimberly Land Cormier
                                 State Bar No. 00787872
                                 kcormier@thetexasfirm.com (email)

                            Beard Kultgen Brophy Bostwick & Dickson, PLLC
                            15150 Preston Road, Suite 230
                            Dallas, Texas 75248
                            Telephone: (214) 761-6460
                            Facsimile: (214) 761-6469

                            ATTORNEYS FOR DEFENDANT
                            PHILIP R. TAFT, PSY.D. & ASSOCIATES, PLLC

## CERTIFICATE OF SERVICE

      I certify that on the 4th day of April, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Roger E. Topham
Roger E. Topham, Attorney at Law
13809 Research Blvd., Suite 500
Austin, Texas 78750
*Attorneys for Plaintiff Ronnie Anderson*

Jeffrey Daniel Clark
The Justice Foundry, PLLC
550 Reserve Street, Suite 190
Southlake, TX 76092
*Attorneys for Plaintiff Ronnie Anderson*

Robin Hill O'Donoghue
Robert Davis
Flowers Davis, PLLC
1021 ESE Loop 323, Suite 200
Tyler, TX 75701
*Attorneys for Jacob Parras and Tori Taylor*

Frank Alvarez
Jo Beth Drake
Quintaros, Prieto, Wood and Boyer, PA
1700 Pacific Ave., Suite 4545
Dallas, Texas 75201
*Attorneys for Southern Health Partners, Inc.*

                                                */s/ Courtney Boes Huber*
                                                Courtney Boes Huber